IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RICKY RICARDO DANIEL,            )
                                 )
          Plaintiff ,            )
                                 )
v.                               )          CV 00-CO-2962-S
                                 )
U. S. MARSHAL SERVICE, et al,    )
                                 )
          Defendants.            )

**ENTERED**
JAN 2 9 2004

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on July 3, 2003, recommending that the *Bivens* claims, the claims for conversion in conjunction with the Federal Tort Claims Act (FTCA), and the claims related to the Federal Employer's Liability Act against all defendants be dismissed pursuant to 28 U.S.C. §1915A(b)(1). The magistrate judge also recommended that plaintiff's negligence claim against the United States government be referred to the magistrate judge for further proceedings. On July 21, 2003, plaintiff filed objections (Document #135-137) to the report and recommendation.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the magistrate judge's recommendation is ACCEPTED.

The plaintiff has also filed two motions to amend his complaint in order to substitute the names of entities and parties for two defendants heretofore referred to as John Doe defendants, and to assert additional claims against one of the John Doe defendants. The court will address these amendments.  In the first motion (Document #128), plaintiff requests to



add as defendant the "Department of Justice/United States of America" . . . "to clear the record of John Doe." *Id.* at 1. In the second motion (Document #131), plaintiff requests that the United States of America, the Department of Justice and Pete Patton be made defendants. Plaintiff's motions to amend the complaint (Documents #128 and #131) are due to be DENIED because they would be an exercise in futility.

First, the United States of America is already a defendant in this action, and since the Department of Justice is an entity of the United States of America, it too is already a named defendant. Second, plaintiff has already sued defendant Patton as a "John Doe" defendant. The magistrate judge fully addressed the merits of the *Bivens* claims and conversion claims asserted against the John Doe defendant now known as Pete Patton in his report and recommendation. As such, the fact that the John Doe defendant's name is now known does not affect the determination that the constitutional, conversion, and Federal Employer's Liability Act claims asserted against John Doe/Pete Patton are due to be dismissed.

Further, to the extent plaintiff attempts to allege any additional constitutional claims against Patton, they are due to be denied because of the inordinate delay in making such a request, and because they are completely unsupported by any factual allegations. Additionally, the Legal Services Liability Act is not applicable to this case and even if it were, there is no good cause for such undue delay in asserting the claim at this late date. Finally, this court has already construed plaintiff's original complaint as stating an FTCA action against defendant Patton for negligence, albeit as a John Doe defendant, and determined that defendant Patton is due to be dismissed as a defendant because the United States  is the only proper defendant in an FTCA action.

2

Since all claims except the FTCA negligence claim against the second John Doe defendant are due to be dismissed pursuant to 28 U.S.C. §1915A(b), and the name of the second John Doe defendant has been revealed to be the United States of America, the United States of America is due to be substituted for the second John Doe defendant and the second John Doe defendant is due to be dismissed.

The magistrate judge named the United States government as a defendant instead of defendants United States Marshal Service, Judene Tippett, Gail Weiss, and the two John Doe defendants with regard to plaintiff's FTCA negligence claims. This court recognizes that the proper defendant in an FTCA action is the United States of America, not the agencies or individual persons involved in the incident giving rise to the claim, particularly when the United States government certifies that the individual defendants were acting within the scope of their employment. 28 U.S.C. §2679(d)(2). Further, a special report (Document #76) was entered prior to the entry date of the magistrate judge's report and recommendation, wherein the United States government certified that defendants Tippett and Weiss were acting within the scope of their employment at the time the motor vehicle accident occurred. (Exhibit G to Document #76). Although defendant John Doe, now known as Pete Patton, was not certified by the government as a defendant acting within the scope of his employment during that time, the court still finds that, in light of plaintiff's factual allegations, the magistrate judge correctly recommended that the United States be the only properly named defendant in this action, and as such, the FTCA claims against defendants Tippett, Weiss, and Patton are due to be dismissed.

3

For the foregoing reasons, all of plaintiff's *Bivens* claims, the claims for conversion in conjunction with the FTCA, and the claims related to the Federal Employer's Liability Act against defendants United States Marshal Service, Tippett, Weiss, and John Doe (now known to be Pete Patton) are due to be dismissed pursuant to 28 U.S.C. §1915A(b)(1). Plaintiff's motions to amend the complaint (Documents #128 and #131) are due to be denied. The United States of America is due to be substituted as the proper defendant in plaintiff's FTCA negligence claim. Finally, the United States Marshal Service, Judene Tippett, Gail Weiss, the John Doe defendant now known as Pete Patton, and the second John Doe defendant now known to be the United States of America, are due to be dismissed as individual defendants.

This action is due to be referred to the magistrate judge for further proceedings consistent herewith.

DATED this __2q__ day of ____January____, 2004.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

4