IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICKY RICARDO DANIEL, ) | |
| ) | |
| Plaintiff , ) | |
| ) | |
| v.  ) | CV 00-RRA-2962-S |
| ) | |
| U.S. MARSHALL SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The plaintiff was in the custody of the United States Marshal for the Northern District of Alabama, particularly, Deputy Marshal Gail Weiss and Deputy Marshal Judene Tippett. While he was being transported by Weiss and Tippett in a prisoner van from Walker County, Alabama, to the federal courthouse in Birmingham, the plaintiff claims that Weiss, who was driving the van, caused him, by her reckless and negligent driving, to sustain an incredible number of injuries. The plaintiff seeks damages in the amount of thirty million dollars. A bench trial was held pursuant to 28 U.S.C. § 2402, at which the plaintiff was represented by counsel. Material evidence was in conflict. The testimony of the deputies is found to be credible, and their accounts of the events in question are accepted. The court makes the following findings.

Weiss was driving the van at the rate of sixty-five miles per hour, in a sixty-five-mile-per-hour speed zone. The highway contained four lanes, with two lanes going east and two lanes going west. An almost flat, unpaved median separated the opposing traffic. Weiss had

been traveling east, in the left or inside lane, for some time. As she got approximately even with the vehicle on the van's right, the driver of that vehicle began to pull into her lane. In order to avoid a collision, Weiss turned sharply to the left onto the median. She drove along the median for less than one hundred feet before getting back onto the roadway. There was no impact between the vehicles whatsoever. Weiss, however, saw that the plaintiff was sitting in the floor of the van. She pulled onto the right hand shoulder of the road and stopped. The driver of the other vehicle pulled over behind the van. When Deputy Tippett helped the plaintiff back onto the seat, she inquired if he was alright. He told her he was, and Tippett saw no evidence of injury. After checking on the plaintiff, Tippett talked to the driver of the other vehicle. The man told Tippett that he did not have his driver's license with him. As a law enforcement officer, Tippett took down some identification information, in order to check later whether he did indeed have a valid license. Weiss then proceeded to drive the van to Birmingham. Tippett put the pad with the information concerning the other driver on a table in the Marshal's office. When she later went to retrieve it, it was gone.

It is found that Weiss did not drive recklessly or negligently, and therefore the United States has no liability for any injuries the plaintiff might have suffered as a result of this incident. With respect to the plaintiff's claim that Tippett should have gotten information from the other driver so that the plaintiff could have sued him, even if the plaintiff's testimony could support a finding of fault on the part of that driver, and even if Tippett had a legal duty to obtain such information for a possible lawsuit by the plaintiff, she had no reason to do so because the plaintiff had told her, and she had no reason to believe, that he had suffered any injuries as a result of the evasive action taken by Weiss. The only reason she

took such information in the first place was to check on whether the other driver had a valid driver's license, not to make an accident report.[1]

Wherefore, the plaintiff not having prevailed on the question of liability, judgment is due to be entered in favor of the defendant, the United States of America, and against the plaintiff, Ricky Ricardo Daniel. An appropriate order will be entered.

DONE this 21st day of March, 2005.

/s/ Robert R. Armstrong
ROBERT R. ARMSTRONG, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The seat belt issue was previously resolved in favor of the defendant. It is merely noted that it was shown at trial that the plaintiff did not ask about putting the seat beat on, and Deputy Weiss testified that if the plaintiff had chosen to put it on, he would have been allowed to keep it on. It is additionally noted that the plaintiff's testimony did not prove that not using a seat belt was a proximate cause of his claimed injuries.